IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHARLOTTE D. HARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-04173-CV-C-MDH-SSA |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the Court is Plaintiff Charlotte Harrell's appeal of Defendant Social Security Administration Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the Commissioner's decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED.**

### BACKGROUND

Plaintiff filed two applications under the Social Security Act ("Act")—an application for disability insurance benefits under Title II, 42 U.S.C. §§ 401, *et seq.*, and an application for supplemental security income under Title XVI, 42 U.S.C. §§ 1381, *et seq*. (Tr. 254-66). Plaintiff's applications were denied initially, after which she appealed the denials to an administrative law judge (ALJ). (Tr. 154-59, 162-63). On February 11, 2019, the ALJ found Plaintiff was not disabled. (Tr. 54). On June 27, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1-7).

The ALJ's decision is accordingly the final decision of the Commissioner, over which this Court has judicial review. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff protectively filed her application on October 31, 2016 (Tr. 37, 54). She alleged disability beginning on September 23, 2016, due to the effects of a stroke, double vision, and depression. (Tr. 254, 260, 280). The ALJ found that Plaintiff had the following severe impairments: cerebrovascular accident; depression; disorder of the cervical spine and lumbar spine; cataracts; and double vision. (Tr. 40). The ALJ also found that Plaintiff suffered from the additional physical impairments of bilateral tinnitus and hearing loss, but that a thorough review of the medical evidence failed to demonstrate symptoms that would more than minimally limit her work-related functioning abilities. (Tr. 40-41). The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with additional limitations. (Tr. 44).

Plaintiff's Brief raises two arguments that the ALJ's decision should be reversed. First, Plaintiff argues that the ALJ erred in finding that Plaintiff was capable of medium work. (Doc. 17, 5). With that, Plaintiff argues that the ALJ made inconsistent statements regarding Plaintiff's limitations to medium work. *Id*. Second, Plaintiff argues that the ALJ incorrectly found that Plaintiff's tinnitus and hearing loss were non-severe and failed to consider the effects of those impairments on Plaintiff's RFC. *Id*. at 8. Defendant argues that the ALJ properly considered and weighed Plaintiff's subjective statements as well as medical evidence where the evidence was inconsistent, conflicting, or otherwise not supported by the record as a whole. (*See* Doc. 21, 3-4). Accordingly, Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff remained capable of working during the relevant period. *Id*. at 4.

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on

the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

Plaintiff argues that the ALJ erred in finding that Plaintiff could perform medium work. (Doc. 17, 6) Moreover, Plaintiff argues that the ALJ made an inconsistent statement regarding Plaintiff's capability to perform medium work. *Id*. at 5. Second, Plaintiff argues that the ALJ incorrectly found that the Plaintiff's tinnitus and hearing loss were non-severe and failed to consider the effects on the Plaintiff's RFC. *Id*. at 8.

### I. The ALJ's conclusion that Plaintiff is limited to medium work is supported by substantial evidence

The ALJ found that Plaintiff had the functional capacity to perform medium work. (Tr. 44). Plaintiff points out that at one point in the decision, the ALJ wrote that the medical evidence "establishes a limitation to work activities at the light exertional level with additional postural, environmental, and mental constraints." (Tr. 46). Defendant asserts that the ALJ's decision leaves no substantive doubt as to the ALJ's intentions (Doc. 21, 14), and this Court agrees.

The ALJ explicitly found that Plaintiff could perform "medium work as defined in 20 CFR 404.1567(c) and 416.927(c)," with additional non-exertional limitations. (Tr. 44). The ALJ reiterated his finding at other point in his decision and explained that all three of the jobs identified by the vocational expert required the ability for medium exertion. (Tr. 52-53). The ALJ's hypothetical questioning of the expert identified medium work (Tr. 53, 115-18) and the ALJ and Plaintiff counsel agreed that the regulations would direct a finding of "disabled" if the ALJ were to find a light-exertion RFC was warranted. (Tr. 188-19). The ALJ was aware of the significance of concluding that Plaintiff could perform medium work and his opinion leaves no doubt as to his intention to do so. Courts "will not set aside an administrative finding based on an 'arguable

deficiency in opinion-writing technique' when it is unlikely it affected the outcome." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004) (quoting *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). Therefore, the apparent misstatement in the ALJ's decision does not support a conclusion that the ALJ did not properly conclude that Plaintiff could perform medium work.

Plaintiff further argues that the "record plainly indicates that the Plaintiff cannot perform medium work on a sustained basis." (Doc. 17, 6). Medium work requires lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five pounds. 20 CFR § 404.1567(c). In addition, the use of arms and hands is necessary to grasp, hold, and turn objects when performing medium work. SSR 83-10. Plaintiff argues that Plaintiff cannot perform medium work on a daily basis "due to the Plaintiff's CVA, depression, nuclear sclerotic cataracts; diplopia; left eye sixth nerve palsy; cervical spondylosis and degenerative disc disease; lumbar pars defect; and bilateral sensorineural hearing loss and tinnitus." (Doc. 17, 7).

Defendant argues that Plaintiff's argument here is without any supportive evidence and is "mere advocacy". (Doc. 21, 15). The Court agrees and finds that the ALJ properly evaluated the record, including Plaintiff's subjective symptoms and medical opinion evidence, and the ALJ's conclusion that Plaintiff's RFC included the ability to perform medium work is supported by substantial evidence.

The ALJ first found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 40). Next, the ALJ determined that Plaintiff had the following severe impairments: cerebrovascular accident; disorders of the cervical and lumbar spine; cataracts; double vision; and depression (Tr. 40). The ALJ further found that Plaintiff's conditions did not meet or medically equal the disability criteria for any listed impairment (Tr. 41-44). Having done

so, he continued to assess the consistency of Plaintiff's allegations, and to consider opinion evidence regarding Plaintiff's capacity to perform work-related tasks (Tr. 44-52).

The ALJ did not fully credit Plaintiff's subjective testimony. The ALJ pointed to objective medical evidence that contradicted Plaintiff's claims of disabling physical impairment. (Tr. 40-41, 46-49, 52). The ALJ also found that Plaintiff's allegation of disabling mental impairment were highly inconsistent and were also contradicted by objective evidence. (Tr. 42-43, 49-52). An ALJ may properly consider such inconsistencies between a claimant's allegations and the record. *Bryant v. Colvin*, 861 F.3d 779, 783 (8th Cir. 2017); 20 C.F.R. §§ 404.1529(c)(2) and 416.929(c)(2); *Crawford v. Colvin*, 809 F.3d 404, 410 (8th Cir. 2015) (ALJ may disbelieve claimant's subjective reports due to "inherent inconsistencies or other circumstances" in the record.). The ALJ also looked to the Plaintiff's conservative treatment history. (Tr. 43-45, 49-50).

In formulating the RFC, the ALJ concluded that Plaintiff could perform a range of medium work, with additional non-exertional limitations (Tr. 44). Given the restrictions found, the ALJ determined that Plaintiff could not perform her past relevant work but could do other work existing in significant numbers in the national economy (Tr. 52-54). The ALJ reached this decision by questioning a vocational expert regarding a hypothetical person with Plaintiff's RFC (Tr. 52-53, 114-22). In posing a hypothetical to a vocational expert, an ALJ need include only impairments that the ALJ finds credible and supported by the record as a whole. *See Smith v. Colvin*, 756 F.3d 621, 627 (8th Cir. 2014); *Turpin*, 750 F.3d at 993 (8th Cir. 2014). Testimony from a vocational expert based upon a properly phrased hypothetical question constitutes substantial evidence supporting the ALJ's decision. *Id*.

With respect to the ALJ's determination that Plaintiff could perform medium work, the ALJ's conclusions are clearly supported by substantial evidence. The ALJ properly evaluated, and

explained, why he discounted Plaintiff's subjective testimony and how he weighed and evaluated objective medical evidence and medical opinion evidence. Nowhere in her Brief does Plaintiff allege that the ALJ did not properly weigh the Plaintiff's testimony, objective evidence, or medical opinion evidence. Rather, Plaintiff broadly argues that Plaintiff's general impairments would not allow her to perform medium work. This is insufficient. Accordingly, the Court affirms the ALJ's conclusion that Plaintiff's RFC included the ability to perform medium work.

## II. The ALJ's finding that Plaintiff's tinnitus and hearing loss were non-severe is supported by substantial evidence, and the ALJ properly considered the effects of these impairments on Plaintiff's RFC

Plaintiff argues that the ALJ erred in determining that Plaintiff's impairments of tinnitus and hearing loss were non-severe, and that the ALJ additionally failed to consider the effects of tinnitus and hearing loss on Plaintiff's RFC. (Doc. 17, 8). An impairment is considered severe if it "significantly limits an individual's physical or mental abilities to do basic work activities." C.F.R. 20 § 416.920(c); SSR 96-3p. An impairment that is "not severe" must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do work related activity. *Bowen v. Yuckert*, 55 U.S. 4735, 107 S.Ct. 2287, 96L.Ed 2d 199 (1987). The Eighth Circuit has stated that "great care should be exercised in applying the not severe impairment concept". *Gilbert v. Apfel*, 175 F. 3d 602, 603 (8th Cir. 1999).

The ALJ found that Plaintiff's allegation of tinnitus and hearing loss were non-severe in his decision. (Tr. 40). Plaintiff argues that the impairments were "diagnosed multiple times throughout the medical record," (*See* Tr. 458, 467, 480-83), and that Plaintiff's Ear Nose and Throat doctor at one point diagnosed bilateral tinnitus, bilateral sensorineural hearing loss and hyperacusis. (Doc. 17, 9). Plaintiff again does not allege any particular error made by the ALJ in his determination.

The ALJ considered evidence related to Plaintiff's alleged hearing impairments and explained why they were non-severe. (Tr. 40). This explanation included citations to record evidence indicating that Plaintiff's tympanic membranes were clear; that she retained good word recognition levels of 88 and 92 percent bilaterally; and that her tympanometry readings were normal. (Tr. 40, 467, 480-81, 483). The ALJ also observed that Plaintiff's ears were found "normal" at an examination conducted just one week prior to the administrative hearing, and that her physician found her high-frequency hearing loss was "most consistent with aging changes." (Tr. 40, 483). The ALJ wrote that Plaintiff "does not allege with specificity how [her tinnitus and hearing loss] impairs her functional ability, nor does the medical evidence demonstrate such an impairment." (Tr. 40). Further, Plaintiff's Function Report contains no allegation of hearing impairment. (Tr. 301). Indeed, as of October 23, 2018, Plaintiff was apparently "unaware of any hearing loss," and although she did testify to ringing in both ears, she did not testify to hearing loss. (Tr. 40, 480).

Plaintiff further argues that the ALJ did not consider the effects of Plaintiff's alleged tinnitus and hearing loss on the RFC. (Doc. 17, 8). The ALJ, however, considered each of Plaintiff's alleged impairments—he found that all of them were severe aside from the tinnitus and hearing loss. (Tr. 40). First, "an ALJ is not required to discuss every piece of evidence submitted," and "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel,* 143 F.3d 383, 386 (8th Cir. 1998)). Moreover, the ALJ did discuss in his opinion, as noted, Plaintiff's alleged hearing impairments and pointed to evidence in support of his finding that they were not severe. (Tr. 40). While it was not discussed under the RFC heading, this is immaterial.

*See Wiese v. Astrue*, 552 F.3d 728, 733-34 (8th Cir. 2009) (the basis of the ALJ's finding may be "apparent from the opinion's entirety").

Plaintiff argues that the ALJ's lack of consideration should have, in Plaintiff's opinion, led to an RFC determination that included additional restrictions relating to Plaintiff's ability to work in a loud environment, and Plaintiff argues the ALJ erred by not including Plaintiff's alleged hearing-related impairments in his hypothetical questioning of the vocational expert. (Doc. 17, 9). However, this argument fails because—as Defendant notes—the law of the Eighth Circuit remains that a proper hypothetical question by the ALJ to the vocational expert need only include the impairments that the ALJ finds credible and supported by the record as a whole. *See Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015); *Smith v. Colvin*, 756 F.3d 621, 627 (8th Cir. 2014). As discussed, the ALJ did not find these impairments credible or supported by the record. Therefore, the Court finds that the ALJ's conclusions as to the severity of Plaintiff's tinnitus and hearing loss are supported by substantial evidence, and the ALJ properly considered these impairments in formulating Plaintiff's RFC.

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence in the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits to Charlotte Harrell is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: November 19, 2020  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**